IRMA PARTMAN, ADMINISTRATRIX (ESTATE OF KAREN PARTMAN) *v.* BUDGET RENT-A-CAR OF WESTCHESTER, INC.

| SUPERIOR COURT | JUDICIAL DISTRICT OF STAMFORD-NORWALK | FILE NO. 122155 |
| --- | --- | --- |

Memorandum filed August 3, 1994

*Silver, Golub & Teitell,* for the plaintiff.
*McGrail, Carroll & Sheedy,* for the defendant.

LEWIS, J. The present proceeding is a wrongful death action arising out of an automobile accident in New York. The plaintiff, Irma Partman, administratrix of the estate of Karen Partman, the deceased, alleges that on March 15, 1990, her decedent was riding on the Taconic Parkway in New York as a passenger in a rented automobile owned by the defendant, Budget-Rent-A-Car of Westchester, Inc., doing business as Budget Rent-A-Car. The vehicle was operated by Ronald Godwin, who is not a party to the action here. In an amended complaint, dated July 28, 1992, the plaintiff alleges that due to Godwin's negligence, the vehicle collided with another vehicle, operated by William Horel, causing Karen Partman to sustain multiple head injuries that resulted in her death. The plaintiff claims that, pursuant to General Statutes § 14-154a and New York Traffic and Safety Law § 388, the defendant is vicariously liable for the negligence of Godwin as the lessee.

On February 13, 1992, the defendant filed an answer and special defense, which was amended on August 10, 1992, to add a second special defense. In the first special defense, the defendant alleged that the plaintiff could not recover because Karen Partman, the decedent, breached her rental agreement by allowing an unauthorized driver who was under the influence of drugs to drive the vehicle. In the second special defense, the defendant alleged that the decedent failed to use a seat belt in violation of New York Vehicle and Traffic Law § 1229 (c) (3). The plaintiff filed a motion to strike the first special defense, which was granted by the court, *Mottolese, J.,* on September 29, 1993. Thereafter, the defendant amended the answer to delete the first special defense.

On April 24, 1994, the plaintiff filed a motion to strike the remaining special defense on the ground that it is legally insufficient in that, under Connecticut law, the failure to use a seat belt is not a defense to liability and does not mitigate damages.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 170, 544 A.2d 1185 (1988); *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. *King* v. *Board of Education,* 195 Conn. 90, 93, 486 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. *Blancato* v. *Feldspar Corp.,* 203 Conn. 34, 36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The plaintiff claims that failure to use a seat belt is not a defense to liability under either Connecticut or New York law, although such failure may be asserted in New York in order to mitigate damages. The plaintiff argues that insofar as Connecticut has a superior interest in applying its own law of damages, Connecticut law would apply to the issues of damages, even though New York law would apply to the issue of liability. In response, the defendant argues that the special defense is both permissible and required under New York law. The defendant claims that New York law would govern this action because the defendant is

a New York corporation, the accident occurred in New York, the plaintiff has filed a similar action in a New York court, the medical treatments occurred in New York and the operators of both vehicles were New York residents.

Connecticut law and New York law differ with respect to whether a plaintiff's failure to wear a safety belt, as required by statute, may be used to mitigate damages. The Connecticut safety belt statute, enacted in 1985, provides that "[f]ailure to wear a seat safety belt shall not be considered as contributory negligence nor shall such failure be admissible evidence in a civil action." General Statutes § 14-100a (c) (4). The legislative history of that statute indicates that certain representatives favored allowing a mitigation of damages for failure to wear a seat belt, but did not prevail. Although the issue of mitigating damages has not been directly addressed by our Appellate Courts, the Superior Court appears to have held consistently that "§ 14-100a (c) (4) bars evidence of the failure to wear a seat belt for the purpose of proving contributory negligence *or* the failure to mitigate damages." *Rivera* v. *Agency Rent-A-Car*, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 385994 (April 20, 1992, 6 Conn. L. Rptr. 355) (*Burns, J.*); *Dunn* v. *Newington Children's Hospital*, Superior Court Judicial District of Hartford-New Britain at Hartford, Docket No. 529291S (February 14, 1994, 11 Conn. L. Rptr. 77) (*Mulcahy, J.*) (motion to strike seat belt defense granted); *Anderson* v. *Peerless Ins. Co.*, Superior Court, Judicial District of Middlesex, Docket No. 66861 (February 3, 1993, 8 C.S.C.R. 241) (*Walsh, J.*) (motion to strike seat belt defense granted); *Sirotnak* v. *Rivera*, Superior Court, Judicial District of Fairfield, Docket No. 243066 (October 14, 1988, 3 C.S.C.R. 886) (*Berdon, J.*) (motion to strike seat belt defense granted). "By making evidence of the failure to wear a safety

belt inadmissible, the legislature endorsed a policy that, despite the duty to wear a safety belt, a driver or passenger who was injured (while not wearing a safety belt) through the negligence of another should not have his or her recovery reduced." *Ruth* v. *Poggie*, Superior Court, Judicial District of Rockville, Docket No. 9352750S (November 22, 1993, 10 Conn. L. Rptr. 412, 413) (*Klaczak, J.*).

By contrast, New York Vehicle and Traffic Law § 1229-c (8) provides that failure to wear a seat belt is not admissible as evidence in a civil case with regard to liability, but it may be introduced into evidence in mitigation of damages if the defendant has pleaded such noncompliance as an affirmative defense. 8 N.Y. Jur. 2d, Automobiles and Other Vehicles § 563.5 (Sup. 1994); see *Karczmit* v. *State*, 155 Misc. 2d 486, 488–89, 588 N.Y.S.2d 963 (1992). The New York statute was enacted in 1985 in response to Federal Motor Vehicle Safety Standard No. 208 (49 C.F.R. § 571.208 [1985]), which was promulgated by the National Highway Traffic Safety Administration. *Karczmit* v. *State*, supra, 499. In order for a state statute to comply with the federal standard, § 4.1.5.2 (a) (2) of that standard requires that such statute must contain, inter alia, a provision specifying that a violation of the seat belt usage requirement may be used to mitigate damages. Id.[1] Although § 1229-c (8) evinces a legislative judgment that the failure to use a seat belt should have no bearing on the

---

[1] At least one New York court has recognized that "[t]he seat belt defense . . . is particularly problematic in a claim for wrongful death." *Karczmit* v. *State*, supra, 155 Misc. 2d 492. " 'In accident cases involving the failure to wear seat belts, there is a distinction to be made between causes of action for injuries and causes of action for wrongful death. The utilization of the seatbelt in the latter case conceivably might have prevented the extreme result of death and the cause of action arising therefrom, whereas in the former case its use would only have reduced the extent and degree of the injuries . . . .' " Id., quoting *Noth* v. *Scheurer*, 285 F. Sup. 81, 85 (E.D.N.Y. 1968).

liability aspect of a civil action, it "need not be construed to constitute a legislative intention to abrogate the comparative fault approach in all respects as regards the seat belt defense." Id. "The failure of an occupant to wear a seat belt while riding in an automobile is indeed culpable conduct and can often be culpable conduct that is a cause of personal injury or death." Id., 500.

Because Connecticut and New York laws differ with respect to whether failure to wear a seat belt may be used to mitigate damages, a choice of law issue exists. Although the special defense at issue has been stricken in Connecticut, such a defense is *required* to be asserted in order to mitigate damages under New York law. The Connecticut Supreme Court recently approved the analysis contained in the Restatement (Second) of the Conflict of Laws, specifically §§ 6 and 145, for purposes of determining the applicable law in a tort controversy. *Williams* v. *State Farm Mutual Automobile Ins. Co.*, 229 Conn. 359, 370, 641 A.2d 783 (1994). Section 145 lists the contacts of each jurisdiction that are factors in determining choice of law pursuant to § 6,[2] including "(a) the place of injury; (b) the place where the conduct causing the injury occurred; (c) the domicile of the parties; and (d) the place where the relationship, if any, between the parties is centered." Id., 372.

Section 175 specifically addressed wrongful death actions, and provides that "[i]n an action for wrongful death, the local law of the state where the injury

---

[2] Section 6 provides in pertinent part that "the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Restatement (Second), Conflict of Laws § 6 (1971).

occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second), Conflict of Laws § 175 (1971). "The law selected by application of the rule of § 175 determines the measure of damages in an action for wrongful death." Id., § 178.

As noted above, the Connecticut legislature endorsed a policy that a driver or passenger injured while not wearing a seat belt should not have his or her recovery reduced. Thus, Connecticut has an interest in protecting the compensation rights of its domiciliaries.[3] See *Bary* v. *Mack Trucks, Inc.,* 261 N.J. Super. 35, 42, 617 A.2d 681 (1993); *Marks* v. *Abrams,* United States District Court for the Eastern District of Pennsylvania, Docket No. 93-5175 (April 19, 1994). The plaintiff administratrix is and the decedent Karen Partman was a Connecticut domiciliary and the automobile was rented by the decedent in the defendant's Stamford office.

New York's interest in passing its seat belt statute, which permits the mitigation of damages for failure to wear a seat belt, has been described as follows: "Each year, this law will save 300–400 lives and reduce or eliminate approximately 70,000 injuries. In addition, it will result in a savings of approximately $240 million annually in various costs imposed on society as a result of these needless tragedies." *Karczmit* v. *State,*

---

[3] Before passage of the amendment to the statute making seat belts mandatory, there was debate in the House of Representatives regarding the fact that the statute did not permit mitigation of damages, and several representatives expressed their opinions that if a citizen is injured through the fault of another, he or she should not suffer a penalty, even if a seat belt was not worn at the time of the accident. 28 H.R. Proc., Pt. 231, 1985 Sess., pp. 553, 556, 564, 568, 572–73.

supra, 155 Misc. 2d 490. Thus, New York presumably views a provision permitting mitigation of damages as an incentive for citizens to wear seat belts. Although New York is the state where the injury occurred, Connecticut has a more significant relationship to the parties and the occurrence under the principles stated in § 6 of the Restatement (Second) of the Conflict of Laws. Application of Connecticut law to the issue of damages would not impair a New York state interest. Application of New York law on the issue of damages, however, *would* indeed impair Connecticut's interest in providing full compensation for its injured domiciliaries. Weighing the relationship of the two states to the occurrence and to the parties, it seems evident that Connecticut has a greater interest in applying its own law regarding the issues of damages owed to the plaintiff. Therefore, the plaintiff's motion to strike the second special defense is granted.