Harris ADAMS, et al., Plaintiffs,

v.

**HARBOR TRANSPORTATION COMPANY INC., et al., Defendants and Third Party Plaintiffs,**

v.

**AMERADA HESS CORP., et al., Defendants and Third Party Defendants.**

No. 3:94 CV 852(JBA).

United States District Court, D. Connecticut.

Dec. 25, 1996.

**172**

David J. Burke, Ralph W. Johnson, III, Robinson & Cole, Stamford, CT, Andrew J. Genna, Finkelstein, Levine, Gittelsohn & Tetenbaum, Newburgh, NY, Joseph B. Harvin, Harvin & Sossaman, Metairie, LA, for Harris Adams, Joyce Adams, Carol Devillier, Alvin Devillier, Horace Bush.

Kenneth J. Mulvey, Jr., David J. Crotta, Jr., Mulvey, Oliver & Gould, New Haven, CT, Ross G. Weaver, Ginsberg, Becker & Weaver, New York, NY, for Harbor Transportation Co, Inc., Edward J. Cermola.

Gordon Arnott, Hill, Betts & Nash, New York, NY, James M. Hazen, Hill Betts & Nash, Jersey City, NJ, Thomas L. Tisdale, Southport, CT, for Amerada Hess Corp., Spenton–Bush Red Star Co., Inc. f/k/a Spenton–Bush Transp. Services, Inc.

### RULING ON PLAINTIFFS' MOTION IN LIMINE

ARTERTON, District Judge.

## FACTS

On October 28, 1996, plaintiffs Harris Adams and Alvin Devillier were seamen employed by defendant Spentonbush–Red Star Companies, Inc, a subsidiary of defendant Amerada Hess Corporation (collectively, "Defendants"). Plaintiffs allege that the Defendants hired a van and driver to transport the plaintiffs, and four other employees, from the Newark International Airport to their tugboats located in Bridgeport and New Haven.

Mr. Adams and Mr. Devillier were riding in the second row of the van when it collided with an 18 wheeler cab and trailer driven by an employee of defendant Harbor Transportation Company. Plaintiffs brought this personal injury action against the Defendants under the Jones Act, 46 U.S.C.App. § 688.

## PROCEDURAL BACKGROUND

On October 31, 1996, the Defendants filed a Joint Pre–Trial Memorandum outlining, among other issues, certain disputed evidentiary issues. One of the evidentiary issues raised was the Defendants' intent to call Dr. Ira Kuperstein as an expert witness to testify that the plaintiffs' injuries were significantly aggravated by their failure to wear seat belts. In response, Plaintiffs filed a "Memorandum of Law with Respect to the Seat Belt Defense" on November 25, 1996 ("Plaintiff's Seat Belt Memorandum"). The Court construes Plaintiff's Seat Belt Memorandum as plaintiff's motion in limine to exclude the testimony of Dr. Kuperstein.

## DISCUSSION

The Jones Act authorizes seamen and their beneficiaries to sue their employer for personal injuries sustained while acting in the scope of their employment. The Federal Employers' Liability Act ("FELA") is expressly incorporated into the Jones Act. 46 U.S.C.App. § 688 ("all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply.").

The Jones Act and FELA adopt a comparative negligence standard in which the amount of plaintiff's recovery is diminished proportionately by the amount of plaintiff's negligence. 45 U.S.C. § 53. Neither the parties nor the Court has found any cases under FELA or the Jones Act in which a plaintiff's recovery was reduced for failure to wear a seat belt. Thus, the Court must determine whether to admit such evidence either by (a) applying state law, or (b) fashioning a federal rule. *See e.g. Earl v. Bouchard Transp. Co. Inc.*, 735 F.Supp. 1167, (E.D.N.Y.1990) *modified on other grounds*, 917 F.2d 1320 (2d Cir.1990) (applying state law); *Byrd v. Byrd*, 657 F.2d 615 (4th Cir. 1981) (fashioning a federal rule).

■ The Defendants argue that the Court should allow evidence on the failure to use seat belts because it is consistent with (a) the comparative negligence principles adopted by the Jones Act; and (b) the federal maritime policy favoring uniformity. Plaintiffs argue that the court should apply Connecticut law, which bars evidence on the failure to wear seat belts.[1] Plaintiffs claim Connecticut law applies because (a) reference to state law is appropriate to determine damage recoveries under federal law; and (b) excluding seat belt evidence is consistent with the humanitarian policy of maritime law.

There is a strong federal maritime policy favoring uniformity. *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 216, 37 S.Ct. 524, 61 L.Ed. 1086 (1917) (holding that the State of New York does not have the authority to award compensation to an injured longshoreman because application of state law would interfere with the "proper harmony and uniformity of admiralty law."); *Byrd v. Byrd*, 657 F.2d 615 (4th Cir.1981) (lack of uniformity among the fifty states regarding the interspousal immunity doctrine, which would defeat a substantial admiralty right of recovery, requires the court to fashion a federal admiralty rule rather than apply state law.).

The states are split regarding the admissibility of nonuse of seat belts on the issue of mitigation of damages. "A slight majority of the [state] courts favors the rationale that nonuse of an available seat belt by a plaintiff automobile occupant does not generally constitute such negligence as will permit an apportionment of damages between the parties..." *Pasternak v. Achorn*, 680 F.Supp. 447, 447–48 (D.Maine 1988); *see also Jenkins v. North American Van Lines, Inc.*, 46 F.3d 1124, 1995 WL 32615, *4 (4th Cir.1995); Annotation, Nonuse of Seat Belt as Failure to Mitigate Damages, 80 A.L.R.3d 1033, 1038 (1977) (outlining those states that admit seat belt nonuse evidence and those that exclude it).

Because of this division, the principle of uniformity would be seriously compromised if the Court simply applied Connecticut law to this case. Thus, the Court will fashion a federal rule to be applied to the narrow circumstances of this case.

■ Currently, the vast majority of the states have mandatory seat belt statutes.[2] Prior to the enactment of the mandatory seat belt laws, many courts did not allow evidence of seat belt nonuse to mitigate damages because there was no statutory duty to wear seat belts. *See e.g. Amend v. Bell*, 89 Wash.2d 124, 570 P.2d 138, 143 (1977); *Britton v. Doehring*, 286 Ala. 498, 242 So.2d 666 (1970). However, 34 of the 48 states with mandatory seat belt laws require only front seat passengers to fasten their seat belts.[3]

---

1. Connecticut's Mandatory Seat Belt law, codified at Conn.Gen.Stat. § 14–100a(c)(4), provides that "[f]ailure to wear a seat safety belt shall not be considered as contributory negligence nor shall such failure be admissible evidence in any civil action." Although the Connecticut appellate courts have not addressed this issue, the superior courts have interpreted the statute as prohibiting the introduction of seat belt evidence for purposes of proving contributory negligence or the failure to mitigate damages. *Partman v. Budget Rent-A-Car*, 43 Conn.Supp. 239, 242, 649 A.2d 275, 276 (1994).

2. Only Montana and New Hampshire do not require adult passengers to wear seat belts.

3. States requiring only front seat passengers to wear seat belt are: Alabama, Arkansas, Arizona, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio. Oklahoma, Pennsylvania, South Dakota, Texas, Utah, Virginia, West Virginia, and Wyoming.

Moreover, many of the 14 states that require all passengers in a motor vehicle to wear a seat belt have an exception carved out for passengers in a commercial vehicle, such as a limousine, taxi cab, or van. *See e.g.* Or.Rev. Stat. § 811.215.

Courts that have admitted such evidence have reached their conclusion using a foreseeability analysis. *See e.g. Foley v. City of West Allis,* 113 Wis.2d 475, 335 N.W.2d 824, 829 (1983); *Law v. Superior Court,* 157 Ariz. 147, 755 P.2d 1135, 1140 (1988); *Ins. Co. of N. America v. Pasakarnis,* 451 So.2d 447, 453 (Fla., 1984). This foreseeability argument is, however, far less persuasive when applied to the facts of this case involving back seat passengers in a commercial vehicle. Although it may be reasonable to generally expect passengers to foresee the possibility of an accident during private car use, it is less reasonable to expect passengers to foresee that a professional driver of a commercial vehicle will, as plaintiffs allege, engage in reckless conduct and ultimately be involved in a motor vehicle collision.

Traditionally, the duty to mitigate damages applied only to post accident conduct, such as a failure to obtain medical treatment. *Spier v. Barker,* 35 N.Y.2d 444, 363 N.Y.S.2d 916, 323 N.E.2d 164, 168 (1974). Some courts, however, have recognized that the seat belt affords automobile occupants a means to minimize damages prior to an accident. *Id.* In the facts of this case, where the plaintiffs did not have a statutory duty to wear seat belts and cannot reasonably be expected to foresee that a hired driver would drive recklessly and be involved in an accident, the plaintiffs' duty to mitigate damages did not arise before the accident occurred.

Accordingly, the testimony of Dr. Kuperstein will be precluded.

IT IS SO ORDERED