Robert J. HERMANN,
Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION,
Defendant-Appellee.

Marguerite HERMANN,
Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION,
Defendant-Appellee.

Nos. 82–4507, 82–4521.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1983.

Scofield, Bergstedt, Gerard, Mount & Veron, Richard E. Gerard, Jr., Lake Charles, La., for plaintiff-appellant.

Plauche & Maselli, Andrew L. Plauche, Jr., New Orleans, La., for defendant-appellee.

Before BROWN, THORNBERRY and TATE, Circuit Judges.

PER CURIAM:

The plaintiffs appeal from the dismissal, after jury trial, of their suits against a manufacturer based upon its product defect. They contend that the district court improperly allowed evidence concerning the presence of seat belts in the vehicle and in improperly instructing the jury, over objection, that it could consider the availability of seat belts in assessing the dangerousness of the car manufactured by the defendant. *Erie*-bound by Louisiana decisional law, we affirm.

The plaintiff wife was seriously injured in a crash because spot welds under a car seat came loose after a crash. She and her husband brought suits against the defendant manufacturer, which were consolidated for trial and appeal. The plaintiff wife's suit sought to impose liability on the defendant under products liability principles, for "failing to furnish, manufacture, equip and *design*" the automobile so it would be safe and useful. Over objection, the district court allowed evidence as to the presence of seat belts in the car and their non-use by the plaintiff wife, and it afforded the instructions complained of that allowed the jury to take into consideration the availability of seat belts in determining whether the vehicle as designed was unreasonably dangerous for crashworthy purposes.

The plaintiffs point out that, under Louisiana law, the failure to use seat belts does not constitute contributory negligence or fault of a victim injured in a crash. They persuasively argue that it is illogical to permit the jury to consider the availability of seat belts, which a victim is not obliged to use, in determining whether the vehicle as manufactured contains an unreasonably dangerous product defect.

Unfortunately for the plaintiffs, however, identical contentions in a generically similar factual situation were rejected in *McElroy v. Allstate Insurance Company,* 420 So.2d 214, 216–17 (La.App.), *cert. denied,* 422 So.2d 165 (La.1982). *Erie*-bound, we therefore AFFIRM the judgments from which appeal is taken.

AFFIRMED.