**Betty J. MILBRAND, individually and as Executrix of the Estate of Raymond W. Milbrand, Sr., Deceased,**

v.

**DAIMLERCHRYSLER CORPORATION f/k/a Chrysler Corporation, and Dana Corporation, and Dana Corporation, Inc.**

No. 5:99–CV–130.

United States District Court,
E.D. Texas,
Texarkana Division.

June 20, 2000.

---

Burgain Garfield Hayes, Chris Allen Pearson, Clark, Thomas & Winters, Austin, TX, James N. Haltom, Patton Haltom Roberts, McWilliams & Greer LLP, Texarkana, TX, Thomas A. Norton, Miller, Canfield, Paddock & Stone, Troy, MI, for DaimlerChrysler Corp.

William David Carter, Sr., Mercy, Carter & Elliott, Texarkana, TX, for Dana Corp.

### *MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE THE TESTIMONY OF DR. BANKS*

FOLSOM, District Judge.

Now before the Court is the Plaintiff's Motion to Strike the Testimony of Dr. Robert Banks. (Doc. # 68). The Court, after careful consideration of the pleadings and the applicable law, and after hearing the argument of counsel, hereby finds Plaintiff's motion well taken.

### *I. Background*

This products liability lawsuit arises from an automobile accident that occurred on June 16, 1997. According to Plaintiff's Complaint, Betty and Raymond Milbrand were traveling south on Interstate Highway 40 in a 1997 Dodge Ram 1500 when the "rear axle sheared off the right rear wheel" causing Raymond Milbrand to lose control of the vehicle. The vehicle veered off the highway, rolled over four to five times, and came to rest on its side. It is undisputed that Raymond Milbrand was unbelted at the time of the accident and that he was ejected during the rollover. Mr. Milbrand died at the accident scene. Mrs. Milbrand brought this suit alleging that a defect in the rear axle of the Dodge Ram 1500 caused the accident which resulted in her injuries and in her husband's death.

DaimlerChrysler Corporation ("DaimlerChrysler") offered the testimony of Dr. Robert D. Banks, a medical doctor and engineer, on issues related to biomechanics, occupant kinematics, and injury causa-

Rowe Jack Ayres, Jr., Addison, TX, Steven Lynn Dickerson, Addison, TX, John Robert Mercy, Mercy, Carter & Elliott, Texarkana, TX, for Plaintiff.

tion. Dr. Banks was retained by counsel for DaimlerChrysler to form an opinion about whether Mr. Milbrand's injuries would have been different if he had not been ejected from his vehicle. On April 27, 2000, Plaintiff filed a Motion to Exclude the Testimony of Dr. Banks and in particular any testimony about whether Mr. Milbrand failed to wear a seat belt. Plaintiff contends that such evidence is strictly inadmissible under Texas Transportation Code § 545.413(g). Defendant filed its reply brief on May 16, 2000 arguing 1) that federal, not Texas law applies to the admissibility of seat belt evidence; 2) if Texas law applies, such evidence is admissible as to causation; and 3) if Texas law applies and seat belt evidence is not admissible on the issue of causation, then the statute is unconstitutional under the due process and equal protection provisions of the Texas and United States Constitutions.

## II. Discussion

### A. Texas Transportation Code § 545.413(g) is a Substantive Rule of Law

■ The court must first make a threshold decision as to whether Texas Transportation Code § 545.413(g) is procedural or substantive in nature. This is an issue of first impression in the Fifth Circuit.[1] It is well settled that in diversity cases a federal court applies the substantive law of the jurisdiction in which it is sitting and federal procedural law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When it is unclear whether a state law rule is substantive or procedural, courts use the "outcome determinative" test. Accordingly, a state law rule that substantially determines the outcome of the litigation must be applied. *See id.* at 78, 58 S.Ct. 817.

Courts must also be guided by the purposes served by the *Erie* doctrine: to discourage forum shopping and to avoid an inequitable administration of the laws. *See Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

■ Because Texas's statute prohibits a defendant from introducing evidence of seat belt nonuse in civil trials, a decision by this Court to treat the Texas statute as procedural would likely encourage federal forum shopping in cases where the plaintiff was not wearing a seat belt. The introduction or exclusion of the seat belt evidence also impacts the amount of blame apportioned by the fact finder thus effecting the outcome of the litigation in a significant way. Therefore, employing federal law in this case would violate the underlying policies of *Erie*.

In reaching the conclusion that the Texas statute establishes a rule of substantive law, the Court finds persuasive the fact that the provision is part of the Texas Transportation Code and Texas's mandatory seat belt law. The law places a legal duty upon specified persons to wear a seat belt, provides for fines where that duty is breached, and provides that use or nonuse of a seat belt is not admissible evidence in a civil trial. The Texas statute is clearly designed to regulate the behavior of individuals outside of the courtroom and consequently falls on the substantive side of the *Erie* line. Texas, like many other state courts,[2] debated the use of seat belt evidence and its impact on personal injury litigation, an area governed primarily by state law. *See* Peter Scaff, Comment, *The Final Piece of the Seat Belt Evidence Puzzle*, 36 Hous. Law Rev. 1371, 1373 (1999). The Texas legislature ultimately replaced

---

1. Although this Circuit has not directly ruled on the application of § 545.413(g), it has had occasion to find a forum state's law controlling when considering the admissibility of seat belt evidence. *See Hermann v. General Motors Corp.*, 720 F.2d 414, 415 (5th Cir.1983)(holding the court was *"Erie*-bound" by Louisiana decisional law regarding the plaintiff's use or nonuse of his seat belt).

2. Many states have chosen to reject the "seat belt defense" through judicial decision or legislation. *See* Recent Case, 102 Harv. L.Rev. 925, 929 n. 37 (1989)(stating many states statutes expressly prohibit the use of the seat belt defense).

various common law decisions with a clear-cut rule excluding evidence of the use or nonuse of a seat belt in a civil trail. *See id.* at 1374. Texas's statute modifies state tort law and is a "classic example of the type of substantive rule of law binding upon a federal court in a diversity case." *Potts v. Benjamin,* 882 F.2d 1320, 1324 (8th Cir.1989)(declaring a law requiring the use of child safety seats to be a substantive rule of law).

The Court also finds support for its decision in a number of circuit court opinions that have found similar statutes to be substantive. In *Gardner v. Chrysler Corp.,* 89 F.3d 729, 736, the Tenth Circuit considered the application of a Kansas statute that eliminated the use of evidence of seat belt nonuse for the purpose of determining any aspect of comparative negligence or mitigation of damages. The *Gardner* Court noted that the Kansas seat belt statute is not "simply a rule of evidence which we could then ignore under our diversity jurisdiction," but rather is a substantive rule of law because it is concerned with changing behavior outside of the courtroom. Likewise in *Barron v. Ford Motor Co. of Canada Ltd.,* 965 F.2d 195 (1992), Judge Posner writing for the Seventh Circuit found that North Carolina's seat belt statute could be either procedural—if motivated by a concern that jurors attach too much weight to evidence of the plaintiff's nonuse—or substantive if designed not to penalize plaintiff's nonuse. The *Barron* Court ultimately applied North Carolina's seat belt law substantively to find that state law precluded the use of the relevant evidence in this context. In *Dillinger v. Caterpillar, Inc.,* 959 F.2d 430 (1992), the Third Circuit rejected Caterpillar's argument that federal law should apply, noting that the seat belt defense offered by Caterpillar was "intended to have legal consequences in itself and is not merely a matter of evidence of some other fact." *See id.* at 434 n. 11. The *Dillinger* Court noted that if it failed to apply Pennsylvania law, it may reach a different result than would the Supreme Court of Pennsylvania, "a consequence surely to be avoided in a diversity case." *See id.* Finally, in *Sours v. General Motors Corp.,* 717 F.2d 1511, 1519–20 the Sixth Circuit held the admissibility of seat belt evidence to be a matter of substantive law noting the "delicate balance of policy interests" at stake. Likewise, this Court is persuaded that Texas Transportation Code § 545.413(g) is a substantive provision that must be applied in this case.

## B. Tex. Trans. Code § 545.413(g) Bars The Introduction of Dr. Banks's Testimony

■ It has long been settled in Texas that Plaintiffs "should not have the damages awarded to them reduced or mitigated because of their failure to wear available seat belts." *Carnation Company v. Wong,* 516 S.W.2d 116, 117 (Tex.1974); *see also Pool v. Ford Motor Co.,* 715 S.W.2d 629, 633 (Tex.1986). Subsequently, the Texas Legislature opted for a de jure exclusion of seat belt usage by enacting § 107C(j) of Article 6701(d) in 1985. *See* Scaff, *supra* at 1373. This statutory exclusion was later codified at § 545.413(g) of Title 7 of the Transportation Code. That section provides that use or nonuse of a safety belt is not admissible evidence in a civil trial, other than a proceeding under subtitle A or B Title 5 of the Family Code. Because this is not a proceeding under the Family code, Plaintiff moves to strike and exclude the testimony of Dr. Banks concerning Mr. Milbrand's failure to wear a seat belt in the subject accident.

In *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986), the Texas Supreme Court discussed the seat belt statute in the context of strict products liability actions. Pool brought a products liability action against Ford alleging that the defective manufacturing and design of a U-bolt in his car suspension system had caused an accident. In *Pool,* the automobile manufacturer asserted that the plaintiff was contributory negligent because he failed to wear his seat belt. Based upon the newly enacted Texas seat belt statute, the Texas

Supreme Court held that the plaintiffs should not have their damages reduced because of their failure to wear a seat belt. *See id.* at 633. Thus, in *Pool,* the Court determined that the Texas seat belt statute applied to strict product liability actions as well as actions involving claims of negligence.

In 1994, the Texas Supreme Court reconsidered the Texas seat belt statute in the case of *Bridgestone/Firestone v. Glyn–Jones,* 878 S.W.2d 132 (Tex.1994). In *Bridgestone/Firestone,* the plaintiff alleged, among other things, that the seat belt and shoulder harness system was designed and or manufactured in a defective condition. In that case, the manufacturer attempted to use the Texas seat belt statute offensively by contending that Glyn–Jones could not prove an essential element of her products liability claim; that she was wearing her seat belt. The *Bridgestone/Firestone* Court determined that the Texas legislature did not intend the seat belt statute to protect a seat belt manufacturer by precluding the plaintiff from establishing an essential element of her claim. *See id.* at 134.

Relying on "the flip-side" of *Bridgestone/Firestone,* DaimlerChrysler argues that the Texas statute was not intended to deprive a defendant manufacturer of the ability to rebut a plaintiff's allegations on the elements of defect, causation, and/or damages. Defendant's reliance is misplaced. The *Bridgestone/Firestone* Court narrowly held that the seat belt statute does not apply when evidence of seat belt use is offered by a plaintiff against a seat belt manufacturer. *See id.; see also* Scaff, *supra* at 1403. Furthermore, *Bridgestone/Firestone* was a crashworthiness case; this case is not. In a crashworthiness case, a plaintiff does not seek compensation for injuries received from the initial collision between the vehicle and another object. Instead, the plaintiff seeks compensation for injuries that occur

when the plaintiff strikes the interior of the vehicle or is thrown from the vehicle. In a crashworthiness claim, plaintiff seeks compensation for injuries over and above the injury that would have occurred as a result of the impact of collision, absent the vehicle's alleged negligently defective design. In this case, Mrs. Milbrand is not alleging that the vehicle failed to reduce or prevent the injuries suffered because of a defect in its safety related features. Instead, this is a traditional product liability case where the issue is whether or not a defect caused the accident.

While there may be some debate as to whether the statute at issue applies in a crashworthiness case such as *Bridgestone/Firestone,* the Texas Supreme Court has clearly indicated that the statute bars the admission of seat belt evidence on the issue of contributory negligence as a matter of law in non-crashworthiness product liability cases. *See Pool,* 715 S.W.2d at 633. Nothing in the *Bridgestone/Firestone* opinion altered this long standing Texas rule or the holdings in *Carnation* and *Pool.* In fact, *Bridgestone/Firestone* reaffirms the Texas legislature's adoption of *Carnation*'s reasoning. *See Bridgestone/Firestone,* 878 S.W.2d at 134.

Defendant's argument that even if evidence of seat belt nonuse cannot be used to establish negligence or to reduce damages, that it may be used to negate a determination of proximate causation likewise fails. Of the three cases DaimlerChrysler cites in support of its position,[3] only one, *MacDonald v. General Motors Corp.,* 784 F.Supp. 486 (1992), is arguably a non-crashworthiness case. In *MacDonald,* evidence of seat belt nonuse was held to be admissible as to the issue of proximate cause based on the purpose and construction of Tennessee's Act. The *MacDonald* Court supported its holding with state court decisions finding similar seat belt evidence admissible. *See id.* at 486.

---

**3.** Defendant cites *Barron v. Ford Motor Company,* 965 F.2d 195, 201, *MacDonald v. General Motors Corp.,* 784 F.Supp. 486, 499–500;

and *General Motors Corp. v. Wolhar,* 686 A.2d 170, 176 (Del.1996).

Texas Courts have not yet addressed the issue of whether evidence of seat belt nonuse is admissible for the limited purpose of negating proximate cause. This Court, having determined that the Texas Statute is a substantive statute, must look to the Texas Supreme Court's decisions and make an *"Erie* guess" to determine how the Texas Supreme Court would decide the issue. *Howe Ex Rel. Howe v. Scottsdale Ins. Co.,* 204 F.3d 624 (5th Cir. 2000). The Court notes that Texas Courts have narrowly applied the Texas statute providing but a single exception in *Bridgestone/Firestone.* The Court also finds persuasive Plaintiff's argument that a rule such as that proposed by Defendant would undermine the purpose and the effect of the Texas statute, a result that the Texas Court would likely avoid. Therefore, the Court finds that evidence that Mr. Milbrand was not wearing his seat belt is not admissible to prove causation or to negate proximate cause.

### C. DaimlerChrysler Has Not Shown that the Texas Statute is Unconstitutional

DaimlerChrysler argues that to the extent that Texas Law prevents it from submitting evidence that Mr. Milbrand was not wearing his seat belt, its State and Federal Constitutional Rights of Due Process and Equal Protection are violated. DaimlerChrysler fails to meet its burden of demonstrating that the Texas statute is unconstitutional.

■ The analysis of the constitutionality of a statute under the equal protection clause of the United States and Texas Constitution is the same. *See Lucas v. United States,* 757 S.W.2d 687, 704 (Tex. 1988). There are three tiers to the equal protection analysis. When a statute infringes on a fundamental right or burdens a suspect class, it is adjudged under a strict scrutiny analysis. *See id.* When the statute infringes on an important, but not fundamental right or burdens a sensitive, but not suspect class, the statute is adjudged under an intermediate level of scrutiny. *See id.* When a statute does not infringe on a fundamental right or burden a suspect class or implicate intermediate scrutiny, the statute is adjudged using a rational basis test where the statute will be upheld "if any set of facts reasonably may be conceived to justify it." *Id.*

■ DaimlerChrysler is not a member of a suspect or sensitive class. These categories have been reserved for classifications based on race, national origin, gender and alienage. *See id.* at 704. Nor has DaimlerChrysler identified any fundamental or important right upon which this statute infringes. The right to assert the seat belt defense is not the type of important, vested right so as to warrant a level of heightened scrutiny, a conclusion supported by the fact that evidence of seat belt nonuse was not permitted even prior to the adoption of the Texas Statute. *See Bridgestone/Firestone,* 878 S.W.2d at 134. Because the seat belt statute does not infringe on a fundamental or important right and it does not burden any suspect or sensitive class, the rational basis test applies.

■ Under the rational basis test, there is a strong presumption that the statute is constitutional. *See Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). "The burden is on the one attacking the legislative arrangement to negate every conceivable basis which might support it." *See id.* at 320, 113 S.Ct. 2637 (citing *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)). DaimlerChrysler fails to provide the Court with any support for its argument that the Texas statute is not related to a legitimate state purpose. Therefore, DaimlerChrysler fails to rebut the presumption of constitutionality awarded the Texas statute.

■ DaimlerChrysler's Federal due process argument likewise fails. Under federal due process analysis, legislative acts have a presumption of constitutionality and the burden is on the party com-

plaining of the violation to show that the legislature has acted in an arbitrary and irrational way. *See Duke Power v. Carolina Environ. Study,* 438 U.S. 59, 83, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978). DaimlerChrysler, having failed to demonstrate how the Texas legislature acted in an arbitrary and irrational way in enacting the seat belt statute, fails to meet its burden of establishing a due process violation.[4]

### III.  Conclusion

The Texas seat belt statute represents the substantive policy of the State of Texas regarding evidence of the use or nonuse of a seat belt in a civil case. According to the *Erie* Doctrine, this federal court sitting in Texas is bound to apply this substantive law.  The Texas seat belt statute expressly prohibits evidence of the use or nonuse of a seat belt in a civil action for any purpose.  The only exception is where the cause of action is based upon an allegation that the seat belt used was defective.  There is no such allegation in this case.  Therefore, DaimlerChrysler is not entitled to introduce evidence regarding the fact that Mr. Milbrand was not wearing his seat belt at the time of the accident at issue in this case.  DaimlerChrysler has also failed to meet its burden regarding its claims that the Texas seat belt statute is unconstitutional.  It is therefore

ORDERED, ADJUDGED, and DECREED, that Plaintiff's Motion to Strike the Testimony of Dr. Robert Banks, M.D. is GRANTED.  It is further

ORDERED, ADJUDGED, and DECREED that the any evidence concerning the use or nonuse of seat belts by either Mr. or Mrs. Milbrand shall be excluded.

---

4.  While the Court does not address whether the Texas statute is constitutional, it is worth noting that similar statutes have been found

constitutional.  *See Kelly v. Ford,* 1996 U.S. Dist. Lexis 16240.