261 N.J. Super. 35 (1992)
617 A.2d 681
DONNA G. BARY, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF LEWIS V. BARY, SR., DECEASED, PLAINTIFF,
v.
MACK TRUCKS, INC., DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
October 14, 1992.
*37 Michael D. Schottland for plaintiff (Schottland, Vernon, Aaron, Plaza and Costanzo, attorneys).
William J. Salmond for defendant (Donington, Karcher, Leroe, Salmond, Luongo, Ronan and Connell, attorneys).

OPINION
ARNOLD, P.J.Cv.
In this wrongful death action and survival action, the plaintiff contends that the substantive law of the Commonwealth of Pennsylvania governs the resolution of two issues even though plaintiff's decedent was domiciled in and resided in New Jersey. Because New Jersey has no governmental interest related to that contact in having New Jersey law apply, and all other *38 contacts are with Pennsylvania, this court holds that Pennsylvania substantive law applies as to both issues. This opinion is intended to supplement this courts earlier oral opinion. R. 2:5-6(c).
The relevant facts are as follows. The decedent, Lewis V. Bary, Sr., was domiciled and resided in Williamstown, New Jersey. He was employed for ten years as a tractor-trailer driver by the Overnight Transport Company and had always worked out of its terminal in Bensalem, Pennsylvania. He commuted, in his own vehicle, from his home to the terminal and back. Mr. Bary had a regular route which he drove several times a week. It took him from the Bensalem terminal to a terminal in Danville, Virginia and back to Bensalem. This route did not include any travel in New Jersey.
On September 10, 1988, Mr. Bary was killed while driving from Danville, Virginia to Bensalem, Pennsylvania. The accident happened on Interstate Route 95 in the City of Philadelphia, Pennsylvania, where Interstate 95 is an elevated highway. Mr. Bary was driving in the center lane of five northbound lanes when the truck-tractor suddenly veered sharply to the right, crossed two lanes, and struck and partially climbed the guardrail. The tractor hit the guardrail at almost a right angle and was virtually destroyed. Mr. Bary was propelled from the cab of the truck-tractor to the street below. He sustained fatal injuries and died about an hour later. The Philadelphia police officer who investigated the accident found the driver's seat belt beneath the seat cushion in the truck-tractor, which is evidence that Mr. Bary may not have been wearing the seat belt at the time of the accident.
In this action, the executrix of Mr. Bary's estate alleges that the proximate cause of the accident and Mr. Bary's injuries and death was a design defect and/or manufacturing defect in the steering system of the truck-tractor that Mr. Bary was driving. That truck-trailer was manufactured by the defendant, Mack Trucks, Inc. (Mack) at the Mack Macungie Assembly Facility in *39 Macungie, Pennsylvania. Mack has its World Corporate Headquarters in Allentown, Pennsylvania.
Mr. Bary's wife is receiving workers compensation benefits pursuant to Pennsylvania law from the Liberty Mutual Insurance Company. The payments are made through the offices of the Liberty Mutual Insurance Company in Bluebell, Pennsylvania.
There are two areas of possible conflict between the laws of New Jersey and Pennsylvania. They are whether evidence that Mr. Bary was not wearing a seat belt is admissible on:
1. The issue of damages, and
2. The issue of proximate cause, i.e. whether the sole proximate cause of his injuries and death was the failure to wear the seat belt.

EVIDENCE OF NON-USE OF SEAT BELT
On November 23, 1987, Pennsylvania enacted the Occupant Protection Act, 75 Pa. Cons. Stat. § 4581 (1990). Pursuant to subsection (a)(2) of that statute, the driver and front seat occupant of a passenger car and certain other types of motor vehicles equipped with a seat belt are required to use the belt. However, the statute further provides under subsection (e) that:
In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; nor shall any jury in a civil action be instructed that any conduct did constitute or could be interpreted by them to constitute a violation of this subchapter; nor shall failure to use a ... safety seat belt system be considered as contributory negligence nor shall failure to use such a system be admissible as evidence in the trial of any civil action ..." [emphasis added] 75 Pa. Cons. Stat. § 4581(e) (1990).
Plaintiff argues that subsection (e) broadly prohibits the introduction of any evidence of non-use of a seat belt. However, defendant points out that subsection (a)(2) which requires the use of seat belts does not apply to Class VIII trucks, that the Mack truck-tractor driven by Mr. Bary was such a truck, and that an Appellate Court in Pennsylvania has ruled that as to an accident which occurred prior to the enactment *40 of the statute, the defense was available. Stouffer v. Com., Dept. of Transp., 127 Pa.Cmwlth. 610, 562 A.2d 922 (1989). While no court in Pennsylvania has construed the meaning of the failure to include Class VIII trucks under subsection (a)(2), this court holds that it means that the statute does not impose a duty on the driver of such a truck to wear a seat belt and that the Pennsylvania Legislature did not intend, as defendant argues, that the prohibition contained in subsection (e) would be inapplicable to litigation involving drivers of Class VIII trucks. This holding is militated by the extraordinary result reached if this court accepted the defendant's argument that the driver of a Class VIII truck has no statutory duty to wear a seat belt, but if he doesn't, evidence of non-use may be introduced at trial. Furthermore, a court must defer to the legislature on such an issue. Kolbeck v. General Motors Corp., 745 F. Supp. 288, 295 (E.D.Pa. 1990); Waterson v. General Motors Corp., 111 N.J. 238, 261-262, 544 A.2d 357 (1988); Stouffer v. Commonwealth of Pennsylvania, Department of Transportation, 127 Pa.Cmwlth. 610, 562 A.2d 922, 925 (1989). Subsection (e) of the Pennsylvania Statute was omitted from the New Jersey Statute. Waterson, supra, 111 N.J. at 261, 544 A.2d 357. The New Jersey legislature left it to the courts to decide the seat belt issue. Waterson, supra, 111 N.J. at 259, 544 A.2d 357. In Pennsylvania, however, the legislature decided the issue by enacting the exclusionary rule contained in subsection (e). Thus, this court holds that under Pennsylvania law, evidence of non-use of a seat belt is not admissible on any issue.
It is not clear whether the seat belt defense is available under New Jersey law in the circumstances of this case. Although the seat belt statute, N.J.S.A. 39:3-76.2a et seq., applies only to automobiles, in a product liability action involving an accident which occurred before the statute was enacted, the Appellate Division held that evidence that the driver of an automobile was not wearing a seat belt at the time of an accident was admissible as bearing on the issue of risk utility analysis. Siren v. *41 Behan, 224 N.J. Super. 130, 539 A.2d 1244 (App.Div.), certif. granted and matter summarily remanded to the Appellate Division for reconsideration 113 N.J. 323, 550 A.2d 442 (1988). Furthermore, New Jersey has a very significant public policy promoting the use of seat belts which would militate toward admitting evidence that Mr. Bary was not wearing a seat belt on the issue of the extent or severity of injuries, Waterson v. General Motors Corp., supra, 111 N.J. at 270, 544 A.2d 357, even though he had no statutory duty to wear the belt at the time of the accident.
Accordingly, it is this court's opinion that under New Jersey law, evidence of Mr. Bary's alleged failure to wear a seat belt would be admissible on the issues of:
1. Whether non-use increased the extent and severity of his injuries and his death; and
2. Whether non-use was the sole proximate cause of his injuries and death. Johansen v. Makita USA Inc., 128 N.J. 86, 607 A.2d 637 (1992); Fabian v. Minster Mach. Co., 258 N.J. Super. 261, 609 A.2d 487 (App.Div. 1992).
Therefore, this court holds that there is a conflict between the law of Pennsylvania and that of New Jersey as to whether evidence regarding Mr. Bary's alleged failure to wear a seat belt is admissible.[1]

*42 CONFLICT OF LAWS
In tort cases, New Jersey has rejected the rule for determining choice of law based on the place where the wrong occurred, sometimes called the lex loci delicti rule, and has adopted the more flexible "governmental interest" analysis in choice-of-law decisions. See Pfau v. Trent Aluminum Co., 55 N.J. 511, 263 A.2d 129 (1970). The determinative law is that of the state with the greatest interest in governing the particular issue. Veazey v. Doremus, 103 N.J. 244, 248, 510 A.2d 1187 (1986). A two step analysis is required in resolving conflict questions. Ibid. The first step is to determine whether a conflict exists between the law of the interested states. Ibid. Here, such a conflict exists with respect to the admissibility of evidence of non-use of the seat belt. The second step is to identify the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties. Ibid. If a state's contacts are not related to the policies underlying its law, then the state does not possess an interest in having its law apply. Ibid.
Here, the only contact with New Jersey is that plaintiff's decedent was domiciled and resided in New Jersey which has an interest in protecting the compensation rights of its domiciliary residents. See Pine v. Eli Lilly & Co., 201 N.J. Super. 186, 492 A.2d 1079 (App.Div. 1985); Deemer v. Silk City Textile Mach. Co., 193 N.J. Super. 643, 651, 475 A.2d 648 (App.Div. 1984). However, application of New Jersey law permitting the introduction of evidence of non-use of a seat belt can only serve to reduce the monetary award pursuant to Waterson, supra, or preclude any award if the defendant is successful on the issue of proximate cause. Thus, under the facts in this case, application of New Jersey law could adversely affect the compensation rights of its domiciliary residents and this court is unable to discern any governmental interest that New Jersey could possibly have in having its law so apply. Furthermore, the contact *43 with New Jersey is attenuated in that Mr. Bary's route began and ended in Pennsylvania and never extended into New Jersey. Restatement (Second) of Conflict of Laws § 145 comment subsection (2). See also O'Connor v. Busch Gardens, 255 N.J. Super. 545, 605 A.2d 773 (App.Div. 1992). And, all the other contacts are with Pennsylvania. Accordingly, this court holds that Pennsylvania law applies and no evidence as to Mr. Bary's alleged failure to use the seat belt will be admitted at trial.
NOTES
[1] The defendant also argued that Mr. Bary had a duty to wear the seat belt pursuant to 49 C.F.R. § 392.16 and that the Pennsylvania Occupant Protection Act was preempted by that regulation. C.F.R. § 392.16 provides, "[a] motor vehicle which has a seat belt assembly installed at the driver's seat shall not be driven unless the driver has properly restrained himself with the seat belt assembly." This court held that federal preemption had not occurred. There is no explicit statutory language evidencing congressional intent to preempt state law. Further, there is no indication that Congress intended to occupy the entire field to the exclusion of state law. Finally, the Pennsylvania Occupant Protection Act does not prohibit the wearing of seat belts by the drivers of Class VIII truck so it does not actually conflict with state law. See Buzzard v. Roadrunner Trucking Inc., 966 F.2d 777 (3rd Cir.1992); Jordan v. Paccar, Inc., 792 F. Supp. 545 (N.D.Ohio 1992).