752 So.2d 919 (1999)
Betty Jo H. WRIGHT, et al., Plaintiffs-Appellees,
v.
LOUISIANA POWER & LIGHT COMPANY, et al., Defendants-Appellants.
No. 33,202-CW.
Court of Appeal of Louisiana, Second Circuit.
October 15, 1999.
Writs Denied December 17, 1999.
*920 Bernard, Cassisa, Elliott & Davis by Stephen Nolan Elliott, Howard Bruce Kaplan, Metairie, Carroll, Burdick & Mc-Donough by Justs N. Karlsons, Timothy C. Smith, San Francisco, CA, Counsel for Appellants.
Leger & Mestayer by Michael John Mestayer, New Orleans, Counsel for Appellees.
Before BROWN, GASKINS and PEATROSS, JJ.
WRIT GRANTED, MADE PEREMPTORY AND TRIAL COURT DECISION AFFIRMED.
This writ application requesting expedited consideration filed by defendants Mercedes-Benz of North America, Inc. (MBNA) and Daimler-Benz Aktiengesellschaft (DBAG) arises from a pre-trial evidentiary ruling. This pending products liability action against MBNA and DBAG is scheduled to go to trial on April 3, 2000. For the reasons set forth below we find the trial court ruling to be correct.

FACTS
On October 16, 1988, Ned Wright, Sr. was killed in a one-car crash in Monroe, Louisiana. Mr. Wright was driving his 1982 Mercedes-Benz 380 SL while accompanied by his wife, Betty. This car is a two-door, two-seat convertible, and applicants indicate that the car was being driven as a convertible (i.e., without the hard or soft top in place). Mr. Wright was not wearing his seat belt.
Mr. Wright lost control of the car, which proceeded over a curb toward a utility pole and then rode up the utility pole's guide wire. As the car scaled the wire, it turned upside down and crashed to the ground. Mr. Wright was partially ejected in the rollover, the car fell on him, and he died as a result of his injuries. Mrs. Wright was injured but taken to the hospital in good condition.
The Wright family then filed suit against, inter alia, DBAG (the manufacturer) and MBNA (the importer), on a products liability theory asserting that the vehicle was not crashworthy due to its allegedly weak A-pillar (i.e., the windshield frame) design and lack of a roll bar. DBAG and MBNA answered denying that the car was defectively designed. In addition, defendants pled that the plaintiffs' contributory and/or comparative fault should bar their recovery.
Plaintiffs filed an assortment of motions in limine seeking, among other things, to prohibit the defendants from introducing evidence that Mr. Wright was not wearing his seat belt. The trial court conducted a hearing on this particular motion and ruled that the seat belt evidence was not admissible. Defendants now seek review of that ruling.

DISCUSSION
In the ordinary case, all relevant evidence is admissible. However, a statute may exclude certain otherwise relevant evidence. La. C.E. art. 402.
La. R.S. 32:295.1 provides, in part:
A. (1) Each driver of a passenger car, van, or truck having a gross weight of six thousand pounds or less, commonly referred to as a pickup truck, in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion. The provisions of this Section shall not apply to those cars, vans, or pickups manufactured prior to January 1, 1981.
. . . .

*921 E. In any action to recover damages arising out of the ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence. Failure to wear a safety belt in violation of this Section shall not be admitted to mitigate damages.

This is a products liability case alleging that the vehicle was defectively designed in that it did not provide adequate rollover protection. Obviously, the seat belt system was an integral part of the design to safeguard occupants in rollover accidents. There is no allegation that the seat belt was not working. Therefore, DBAG and MBNA are free to introduce evidence that this automobile was equipped with a safety belt and that this belt was part of the safety system designed by DBAG engineers for this car. However, evidence that Mr. Wright was not wearing the auto's safety belt at the time of this particular accident has no bearing upon the overall design of this car or upon the availability of an alternative, safer design. Instead, the introduction of evidence tends to show that Mr. Wright was comparatively negligent in causing his injuriesa result which the statute forbids. Defendants have specifically pled Mr. Wright's comparative negligence as a defense in their answer to this lawsuit.
Because evidence that Mr. Wright was not using his seatbelt at the time of this crash is inadmissible, the trial court correctly granted the plaintiffs' motion in limine.