2000 OK 71

Marilyn BISHOP, Personal Representative of the Estate of Amy Elizabeth Bishop, deceased, Plaintiff

v.

TAKATA CORPORATION, a foreign corporation, Takata, Inc., a Delaware corporation, General Motors Corporation, a Delaware corporation, General Motors Of Canada Ltd., a foreign corporation, Cami Automotive, Inc., a foreign corporation, Suzuki Motor Company Limited, a foreign corporation, and Suzuki Motor Corporation, a corporation, Defendants

No. 94,751.

Supreme Court of Oklahoma.

Sept. 26, 2000.

Duke Halley, Woodward, Oklahoma, David K. Petty, Guymon, Oklahoma for Plaintiff.

John R. Woodard, III, Jody R. Nathan Tulsa, Oklahoma for Defendants Takata Corp. and Takata, Inc.

Mary Quinn–Cooper Tulsa, Oklahoma for Defendants General Motors Corp., General Motors of Canada, Ltd., CAMI Automatic, Inc., and Suzuki Motor Corp.

Rex Travis, Oklahoma City, Oklahoma for Amicus Curiae, Oklahoma Trial Lawyers Association.

¶ 1 KAUGER, J.:

¶ 2 We are asked to answer the question of whether the Oklahoma Mandatory Seat Belt Use Act,[1] [the Act] precludes the introduction of evidence of the use or nonuse of seat belts in a manufacturers' products liability claim based on a defective seatbelt restraint system in Oklahoma. The applicable statute, 47 O.S.1991 § 12–420,[2] provides that "the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma." The question is answered as follows: although the Act prevents a person from being penalized in a civil proceeding for choosing not to wear a seat belt,[3] it does not prohibit the introduction of evidence of the use or nonuse of seat belts in a manufacturers' lia-

---

1. Title 47 O.S.1991 § 12–416 et seq.

2. Title 47 O.S.1991 § 12–420 provides:
"Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma."

3. Title 47 O.S.1991 § 12–420, see note 2, supra.

bility action for a defective seat belt restraint system.

## FACTS

¶ 3 On March 4, 1997, Amy Elizabeth Bishop, lost control of her 1991 Geo Metro while driving on a gravel road near Hugoton, Kansas. According to the police report, the car went off of the left side of the road, veered into a ditch, rolled, ejected the driver, and trapped her beneath it. The next day, she died from the injuries sustained in the accident.

¶ 4 On February 16, 1999, Marilyn Bishop, Amy Bishop's personal representative (personal representative) initiated an action in federal district court against the manufacturers and distributors,[4] (Takata/General Motors/collectively, manufacturers) of the car and its occupant restraint/seat belt system. The complaint sought to recover compensatory and punitive damages resulting from the driver's death. The personal representative alleged that: 1) the driver died because her seat belt disengaged during the accident resulting in her ejection from the car; 2) the car's seat belt system was defective and unreasonably dangerous; 3) the manufacturers were negligent in the design, manufacture, and marketing of the car; and 4) the manufacturers intentionally misrepresented to the public that the car was safe and without defects.

¶ 5 On March 7, 2000, Takata moved for summary judgment, arguing that 47 O.S.1991 § 12–420 [5] barred an action for manufacturers' products liability. General Motors joined in the motion for summary judgment on March 8, 2000.[6] The federal district court certified the question to this Court pursuant

to the Uniform Certification of Questions of Law Act, 20 O.S. Supp.1997 § 1601 et seq., on May 25, 2000. We set a briefing cycle which was completed when the amicus curiae brief was filed on July 17, 2000.

¶ 6 **TITLE 47 O.S.1991 § 12–420 PREVENTS A PERSON FROM BEING PENALIZED IN A CIVIL PROCEEDING FOR CHOOSING NOT TO WEAR A SEAT BELT. HOWEVER, IT DOES NOT PROHIBIT THE INTRODUCTION OF EVIDENCE OF THE USE OR NONUSE OF SEAT BELTS IN A MANUFACTURERS' LIABILITY ACTION FOR A DEFECTIVE SEAT BELT RESTRAINT SYSTEM.**

¶ 7 Oklahoma adopted the theory of manufacturers' products liability in *Kirkland v. General Motors Corp.*, 1974 OK 52, 521 P.2d 1353. *Kirkland* teaches that one who sells a product in a defective condition, which is unreasonably dangerous to the user or consumer, is strictly liable for the physical harm to the person or property caused by the defect. To maintain a cause of action under manufacturers' products liability, the plaintiff must prove the product was the cause of the injury, that the product was defective when it left the control of the manufacturer, and that the defect made the product unreasonably dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it.[7] Even if the defect may not have caused the accident, if it increases the severity of the injury which would have occurred absent the defect, the manufacturer is liable for damages for increased injuries attributable to an enhanced injury.[8]

---

4. Bishop named Takata Corp., Takata, Inc., General Motors Corp., General Motors of Canada, Ltd., Cami Automotive, Inc., Suzuki Motor Co., Ltd., and Suzuki Motor Corp. as defendants in this products liability action. Takata Corp. and Takata filed joint briefs and General Motors Corp., General Motors of Canada, Ltd., Cami Automotive and Suzuki Motor Corp. all joined in briefs.

5. Title 47 O.S.1991 § 12–420, see note 2, supra.

6. On March 7, 2000, Takata Corp. and Takata Inc., moved for summary judgment and all of the

remaining defendants joined in the motion for summary judgment on March 8, 2000.

7. *Hutchins v. Silicone Specialties, Inc.*, 1993 OK 70, ¶ 14, 881 P.2d 64; *Dutsch v. Sea Ray Boats, Inc.*, 1992 OK 155, ¶ 11, 845 P.2d 187; *Woods v. Fruehauf Trailer Corp.*, 1988 OK 105, ¶ 10, 765 P.2d 770; *Kirkland v. General Motors Corp.*, 1974 OK 52, ¶ 29–31, 521 P.2d 1353.

8. *Lee v. Volkswagen of America, Inc*, 1984 OK 48, ¶ 14–16, 688 P.2d 1283.

¶ 8 The personal representative argues that the Legislature, by enacting 47 O.S.1991 § 12–420,[9] did not intend to abrogate products liability actions resulting from defective seat belts. She asserts that automotive manufacturers are charged with the duty, imposed by federal and state law,[10] See also, regulations 49 C.F.R. § 571.208 and § 571.209, which were promulgated pursuant to the National Traffic and Motor Safety Act of 1966, 49 U.S.C. § 30101 et seq. to make non-defective seat belts and that they should be liable when a seat belt is defective and causes an injury. The amicus curiae insists that the purpose of the statute was to prevent people from being punished for failure to wear a seat belt, not to grant immunity to the manufacturer for the failure to install working seat belts.

¶ 9 The manufacturers do not dispute that they are required to install non-defective seat belts.[11] Nevertheless, they argue that because the personal representative must prove that the seat belt improperly disengaged during the accident and caused the injury the action must fail because 47 O.S.1991 § 12–420,[12] by its plain language, prevents her from submitting any evidence relating to the use of seat belts.[13]

¶ 10 The manufacturers cite our recent decision in *Comer v. Preferred Risk Mut. Ins. Co.,* 1999 OK 86, 991 P.2d 1006 as dis-

---

9. Title 47 O.S.1991 § 12–420, see note 2, supra.

10. Title 47 O.S.1991 § 12–413, unaltered since its enactment in 1965 provides:
   "It shall be unlawful for any person to sell or offer for sale at retail or trade or transfer from or to Oklahoma residents any passenger vehicle which is manufactured or assembled commencing with the 1966 models, unless such vehicle is equipped with safety belts or safety shoulder harness combinations which are installed for the use of persons in the left front and right front seats thereof."

11. Takata does not respond to Bishop's arguments regarding a duty to install non-defective seat belts. However, General Motors acknowledges that a manufacturer's duty to install a non-defective seat belt is not abrogated and a consumer's safety is not compromised by the Legislature's preclusion of evidence of seat belt use or nonuse.

12. Title 47 O.S.1991 § 12–420, see note 2, supra.

13. General Motors also contends that even though the statute precludes evidence of seat belt use and nonuse, it does not prevent manufacturers from showing that seat belts are an essential element of a vehicle's overall crashworthiness design. Most states have some form of statute limiting or prohibiting seat belt evidence. It is unnecessary to exhaustively list every case in which the use or nonuse of a seat belt and the crashworthiness of the vehicle were at issue because these cases either do not involve allegations that the seat belt itself was defective, or were determined prior to the enactment of seat belt evidence statutes, or involve state statutes which differ from Oklahoma's. However, it is noteworthy that several courts have determined that in a products liability action seat belt evidence is admissible to establish safety design of the vehicle or to disprove proximate cause, but not to show negligence. See generally, *T.A. Bateman, Liability Under State Law for Injuries Resulting from Defective Automobile Seatbelt, Shoulder Harness, or Restraint System,* 48 A.L.R.5th 1 (1997); See, e.g., *Gardner v. Chrysler Corp.,* 89 F.3d 729, 736 (10th Cir.1996); *DePaepe v. General Motors Corp.,* 33 F.3d 737, 744 (7th Cir.1994); *Barron v. Ford Motor Co. of Canada, Ltd.,* 965 F.2d 195, 199 (7th Cir.1992), cert. denied 506 U.S. 1001, 113 S.Ct. 605, 121 L.E.2d 541 (1992); *Chapman v. Mazda Motor of America, Inc.,* 7 F.Supp.2d 1123, 1126 (D.Mont.1998); *MacDonald v. General Motors Corp.,* 784 F.Supp. 486, 499 (M.D.Tenn.1992); *LaHue v. General Motors Corp.,* 716 F.Supp. 407, 416–17 (W.D.Mo. 1989); *Jordon v. General Motors Corp.,* 624 F.Supp. 72, 75 (E.D.La.1985); *Estate of Hunter v. General Motors Corp.,* 729 So.2d 1264, 1269 (Miss.1999); *General Motors Corp. v. Wolhar,* 686 A.2d 170, 176 (Del.1996); *Whitehead v. American Motors Sales Corp.,* 801 P.2d 920, 927 (Utah 1990); *Lowe v. Estate Motors Ltd.,* 428 Mich. 439, 410 N.W.2d 706, 719 (1987); *Wright v. Louisiana Power & Light Co.,* 752 So.2d 919, 920 (La.App. 2 Cir.1999).

   A few courts have held that all evidence relating to seat belt use or nonuse is inadmissible in a products liability action. See,e.g., *Carlson v. Hyundai Motor Co.,* 164 F.3d 1160, 1162 (8th Cir.1999); Dillinger v. Caterpillar, Inc., 959 F.2d 430, 438 (3rd Cir.1992); *Ulm v. Ford Motor Co.,* 750 A.2d 981, 987 (Vt.2000); *Swajian v. General Motors Corp.,* 559 A.2d 1041, 1046 (R.I.1989); *Crosby v. Cooper Tire & Rubber Co.,* 240 Ga.App. 857, 524 S.E.2d 313, 321 (1999); *Bary v. Mack Trucks, Inc.,* 261 N.J.Super. 35, 617 A.2d 681, 683 (1992).

   Some federal courts have avoided applying state seat belt statutes by determining that the state law is procedural and thus not controlling. See, e.g., *Brown v. Ford Motor Co.,* 67 F.Supp.2d 581, 584 (E.D. Va.1999). Other courts have allowed products liability actions for defective seat belts without mentioning seat belt exclusion statutes. See, e.g., *Hinds v. General Motors Corp.,* 988 F.2d 1039 (10th Cir.1993).

positive. Although *Comer* involved the same statutory provision under consideration here, it does not dictate the answer to the certified question. In *Comer*, we specifically noted that "[t]he question of the statutes's application to a products liability action is not before us and we need not address it." [14] *Comer* involved a member of a church youth group who was killed in an automobile accident. The parents sued the church alleging that it was negligent for failing to require their daughter, a back seat passenger of the automobile, to wear a seat belt. The parents argued that the church had a duty to require back seat passengers to use seat belts, and that the statute should be interpreted to preclude the use of a "seat belt defense" of contributory negligence or mitigation of damages, but not to preclude negligence actions altogether.

¶ 11 In *Comer* we decided that 47 O.S.1991 § 12–420 [15] precludes the introduction of evidence of the use or nonuse of seat belts to support a claim of negligence in a wrongful death action. We determined that: 1) the Act did not impose a statutory duty upon the operator of a passenger vehicle to require back seat passengers to use a seat belt, nor had this Court ever recognized such a duty at common law; and 2) even if there were such a duty, § 12–420 precludes the introduction of evidence of the use or nonuse of a seat belt to support a negligence claim.

¶ 12 We also recognized in *Comer* that the Legislature could have mandated the use of seat belts by all passengers, or made particular requirements with regard to mi-

nor passengers other than child safety restraint requirements, and that it could have established a basis for a negligence action. Instead, it added 47 O.S.1991 § 12–420, [16] prohibiting seat belt evidence in civil actions. Unlike other states with broader statutes, § 12–420 is tightly drafted. At issue in *Comer* was the conduct of the driver and the seat belt user whether the driver had a duty to require a back seat passenger to wear a seat belt and whether a negligence claim would be supported if the back seat passenger failed to do so. At issue in a defective seat belt products liability case is the condition of the seat belt not the conduct of the seat belt user.

¶ 13 Prior to § 12–420's enactment, the Court held in *Fields v. Volkswagen of America, Inc.*, 1976 OK 106, 555 P.2d 48, 84 A.L.R.3d 1199, that there was no common law or statutory duty requiring the use of seat belts and that the failure to use a seat belt was not a defense to establish contributory negligence or to reduce the amount of damages to the injured party. The Court essentially invited legislation on the subject of seat belts. It recognized that the seat belt phenomenon was in its infancy, and that the only legislation relating to seat belts at that time was a statute which made it unlawful to sell a post–1966 vehicle without seat belts for the front right and left seats. [17]

¶ 14 The Legislature responded to *Fields* in 1983, with its enactment of 47 O.S. Supp.1983 § 11–1112, [18] regulating the use of child passenger restraint systems and again in 1985, with the enactment of the Oklahoma

---

14. *Comer v. Preferred Risk Mut. Ins. Co.*, 1999 OK 86, n. 24, 991 P.2d 1006. The manufacturers also contend that failure to amend a statute after judicial construction of that statute is legislative acquiescence to that construction. They refer to two bills in which the Legislature amended statutes governing the usage of seat belts. House Bill 1980 was an attempt at tort reform that included a section which would have repealed 47 O.S.1991 § 12–420 altogether. It was referred to committee and never passed. Senate Bill 891 made some changes relating to child passenger restraint systems and safety belt specifications, etc., but did not suggest altering § 12–420. This bill was signed by the Governor on April 18, 2000, to become effective November 1, 2000. The manufacturers insist that the Legislature's failure to amend 47 O.S.1991 § 12–420, see note 2, supra, after our decision in *Comer* indicates

that the statute was intended to apply to products liability actions. This argument is unpersuasive because in *Comer*, we were not faced with the question of the applicability of § 12–420 to a products liability action. Consequently, the Legislature was not acquiescing to a construction of the statute as applied to products liability actions.

15. Title 47 O.S.1991 § 12–420, see note 2, supra.

16. Title 47 O.S.1991 § 12–420, see note 2, supra.

17. Title 47 O.S.1991 § 12–413, see note 10, supra.

18. See, 47 O.S. Supp.1983 § 11–1112.

Mandatory Seat Belt Use Act.[19] The Act sets forth the requirements of seat belt use in passenger cars in Oklahoma, allows for exceptions for certain drivers or passengers,[20] and imposes fines and court costs for violations of the Act.[21] Considering the Act as a whole, and the context from which it was enacted, the obvious purposes of the Act are to codify public policy of encouraging seat belt use and to make seat belt use mandatory for drivers and front-seat passengers by providing a penalty for nonuse. Section 12–420 expressly clarifies that the sole legal sanction for the failure to wear a seat belt is the fine imposed by the Act and that a person will not be penalized in a civil proceeding, by connotations of fault, for choosing to refrain from wearing a seat belt.[22] To read the statute any more broadly would defeat the legislative intent. The entire Act is confined to the regulation of the conduct of the driver or the passenger of a passenger vehicle as seat belt users or nonusers. The Act and § 12–420 refer to use and nonuse and absent is any reference to the design or construction of a motor vehicle.[23]

¶ 15 However, since 1965, the Legislature has required manufacturers to offer protection to a vehicle's occupants to prevent or limit injuries by requiring that passenger vehicles be equipped with properly installed safety belts or safety shoulder harnesses.[24] The parties rely on decisions from the Supreme Courts of Minnesota and Texas as persuasive authority in support of their arguments. In *Olson v. Ford Motor Company*, 558 N.W.2d 491 (Minn.1997) and *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 48 A.L.R. 5th 787 (Tex.1994), the Minnesota and Texas courts addressed the applicability of their state's seat belt evidence statute to a defective seat belt products liability action with each reaching different conclusions.

¶ 16 *Olson* involved a motorist who was allegedly injured by a defective seat belt. The motorist brought a crashworthiness products liability action against the automobile manufacturer. Minnesota's statute prohibited the introduction of "the use or failure to use seat belts ... in any litigation involving personal injuries or property damage resulting from the use or operation of any motor vehicle."[25] The court held that the statute precluded evidence of the use of a seat belt because the statute broadly extend-

**19.** Title 47 O.S. Supp.1985 § 12–416 et seq. Although the Act was passed in 1985, it did not become effective until Feb. 1, 1987.

**20.** See, 47 O.S. Supp.1997 § 12–417.

**21.** See, 47 O.S.1991 § 12–418.

**22.** Title 47 O.S.1991 § 12–420, see note 2, supra.

**23.** Title 47 O.S.1991 § 12–420, see note 2, supra; title 47 O.S.1991 § 12–416 et seq.

**24.** Title 47 O.S.1991 § 12–413, see note 10, supra; title 47 O.S.1991 § 12–414 provides:
"All such safety belts or safety shoulder harnesses shall be of a type and shall be installed in a manner approved by the Department of Public Safety. The Department shall establish specifications and requirements for approved types of safety belts and safety shoulder harnesses and attachments thereto. The Department shall accept, as approved, all safety seat belt and safety shoulder harness installations and the belts, harnesses and anchors meeting the society of automotive engineers' specifications."
Title 47 O.S.1991 § 12–415 provides:
"Any person violating any of the provisions of this act shall, upon conviction thereof, be pun-

ished as provided in 47 O.S.1961, § 17–101, as amended by Chapter 312, Oklahoma Session Laws 1963, page 450."

**25.** Minn.Stat. § 169.685 Subdivision 4 (1994) provides:
"Proof of the use or failure to use seat belts or a child passenger restraint as described in subdivision 5 or proof of the installation or failure of installation of seat belts or a child passenger restraint system as described in subdivision 5 shall not be admissible in evidence in any litigation involving personal injuries or property damage resulting from the use or operation of any motor vehicle."
The Minnesota Court of Appeals in *Schlotz v. Hyundai Motor Co.*, 557 N.W.2d 613 (Minn.App. 1997), cert. denied 522 U.S. 823, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997) held that Minnesota's statute also barred crashworthiness claims based on the manufacturer's failure to install lap belts and in *Anker v. Little*, 541 N.W.2d 333 (Minn. App.1995) ruled that the statute barred a crashworthiness claim based upon the failure to provide automatic seat belts. In 1999, the Minnesota legislature amended the statute to specifically allow seat belt evidence in product's liability actions. See, Minn.Stat. § 169.685 Subdivision 4 (1999).

ed to all injuries resulting from the use of a motor vehicle without limitations to accidents caused by defective automobiles.

¶ 17 *Olson* is distinguishable and unpersuasive. Under Minnesota's statutory scheme, the seat belt evidence statute was enacted as part of a measure which simultaneously required manufacturers to install seat belts in automobiles and required the mandatory use of seat belts. The *Olson* court reasoned that it was simply not clear that the Legislature intended to benefit motorists alone in enacting the seat belt evidence statute. The Legislature's ban on evidence of seat belt use might have logically been designed in part to shield manufacturers from lawsuits should state-mandated seat belts ultimately result in injuries to motorists. However, Oklahoma enacted its statutory requirements for the installation of seat belts in 1965,[26] but did not pass 47 O.S.1991 § 12–420, until 1985 as part of the Mandatory Seat Belt Use Act.[27] Had the Oklahoma Legislature simultaneously imposed burdens on manufacturers and occupants, *Olson*'s reasoning, and the argument that the Legislature intended to benefit manufacturers as well as occupants by enacting the seat belt statute would be more persuasive.

¶ 18 The Supreme Court of Texas reached the opposite conclusion from *Olson* in *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 48 A.L.R.5th 787 (1994), when it considered the application of a statute which prohibited the admissibility of evidence of the "[u]se or nonuse of a safety belt . . . in a civil trial" to a manufacturer's products liability claim for a defective seat belt restraint system.[28] *Bridgestone* involved a plaintiff who was injured when her vehicle

was struck by another car and her seat belt failed to restrain her. Upon impact, she was thrown about her vehicle, causing injury.

¶ 19 The *Bridgestone* plaintiff sued the manufacturer of the seat belt and shoulder harness system, asserting claims of breach of warranty and products liability. She alleged the seat belt and shoulder harness system as well as the driver's seat and seat track were designed and/or manufactured in a defective condition. The manufacturer moved for summary judgment arguing that because evidence of the use or nonuse of seat belts was inadmissable in a civil trial, the plaintiff would be unable to prove an essential element of her products liability claim.

¶ 20 After considering the context of the entire statute, the *Bridgestone* court held that the statute was not intended to protect seat belt manufacturers from liability for defective restraint systems. The court reasoned that: 1) if the legislature intended to abolish crashworthiness actions against manufacturers of seat belts, it is unlikely it would have utilized a subsection of a traffic statute to effect such a change; and 2) the admissibility of evidence subsection of the statute was included in order to make clear that the sole legal sanction for the failure to wear a seat belt is the criminal penalty provided by the statute, and that the failure could not be used against the injured person in a civil trial.[29] We find *Bridgestone*'s reasoning persuasive.

¶ 21 If § 12–420 were intended to apply to protect a manufacturer from liability for a defective seat belt, the statute would inexplicably create a new defense to products liability claims that neither the Legislature nor this Court has previously recognized.

---

26. See, 47 O.S.1991 § 12–413, note 10, supra.

27. Title 47 O.S.1991 § 12–420, see note 2, supra; Title 47 O.S.1991 § 12–416 et seq. Although the Act was passed in 1985, it did not become effective until Feb. 1, 1987.

28. See, Tex.Rev.Civ. Stat. Ann. art. 6701d, § 107C(j) which was repealed in 1995. The current version of the Texas seat belt statute, Tex. Transp. Code Ann. § 545.413(g) (1999), which merely added the phrase "other than a proceeding under Subtitle A or B, Title 5, Family Code," provides:

"Use or nonuse of a safety belt is not admissible evidence in a civil trial, other than a proceeding under Subtitle A or B, Title 5, Family Code."

29. We note that in *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 48 A.L.R.5th 787 (Tex.1994) the Court also referred to a debate of the proposed statute on the floor of the Texas House which mentioned that the statute was to "preserve the status quo." Oklahoma has no such legislative history available. Nevertheless, we find the reasoning behind the *Bridgestone* decision persuasive.

The effect of the statute would be to create an exception to products liability actions by extinguishing all claims for defective seat belts. In other words, when a consumer is injured as a result of defective automobile, or any part of it, the injured consumer could bring a products liability action against the automobile manufacturer *unless* the injury resulted from a defective seat belt.[30] We are not convinced that the Legislature intended to protect a manufacturer from liability for a defective seat belt by merely preventing a person from being penalized in a civil proceeding, by connotations of fault, for choosing to refrain from wearing a seat belt. Consequently, we hold that the statute does not apply to a manufacturers' products liability action, and that the evidence of the use or nonuse of seat belts may be introduced in a manufacturers' products liability action for a defective seat belt restraint system.

## CONCLUSION

¶ 22 In *Comer v. Preferred Risk Mutual Ins. Co.*, 1999 OK 86, 991 P.2d 1006, we held that 47 O.S.1991 § 12–420[31] of the Oklahoma Mandatory Seat Belt Use Act clearly precludes the introduction of evidence of the use or nonuse of seat belts to support a claim of negligence in a wrongful death action. However, the statute was not intended to apply to a manufacturers' products liability action. At issue in a defective seat belt products liability case is the condition of the seat belt, and not the conduct of the seat belt user. The entire Act is confined to regulation of the conduct of the driver or passenger of a passenger vehicle as seat belt users or nonusers. The purposes of the Act are to codify public policy of encouraging seat belt use and to make seat belt use mandatory for drivers and front-seat passengers by providing a penalty for nonuse. Section 12–420 expressly clarifies that the sole legal sanction for the failure to wear a seat belt is the fine imposed by the Act and that a person will not be penalized in a civil proceeding by connotations of fault for choosing not to wear a seat belt.[32] To read the statute any more broadly would defeat the legislative intent.

## QUESTION ANSWERED.

The question is answered as follows: 47 O.S. 1991 § 12–420 prevents a person from being penalized in a civil proceeding for choosing not to wear a seat belt. However, it does not prohibit the introduction of evidence of the use or nonuse of seat belts in a manufacturers' liability action for a defective seat belt restraint system.

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, WATT, BOUDREAU, and WINCHESTER, JJ., concur.

---

**30.** The plain meaning of statutory language is conclusive except in the rare case in which literal construction will produce a result demonstrably at odds with the intention of the Legislature. *City of Tulsa v. State ex. rel. Public Employee Relations Bd.*, 1998 OK 92, ¶ 14, 967 P.2d 1214 ; *ABC Rentals of San Antonio, Inc. v. Comm'r of Internal Revenue*, 142 F.3d 1200, 1206 (10th Cir. 1998). Where adherence is urged to the "strict letter" of a statute and the literal interpretation would lead to an inconsistency or incongruity between different parts of the enactment as they bear on each other and would produce consequences clearly beyond legislative contemplation, judicial interpretation becomes necessary to avoid such incongruity and to ascertain the true meaning of the particular words in accord with the legislative intent. *McNeill v. City of Tulsa*, 1998 OK 2, ¶ 9, 953 P.2d 329 ; *State ex rel. Rucker v. Tapp*, 1963 OK 37, ¶ 12, 380 P.2d 260 ;

See also, *Moser v. Liberty Mut. Ins. Co.*, 1986 OK . 78, ¶ 6, 731 P.2d 406 ; *Bell v. United Farm Agency, Inc.*, 1956 OK 73, ¶ 13, 296 P.2d 149 ; *Welch v. Simmons*, 1942 OK 181, ¶ 16, 190 Okla. 611, 126 P.2d 89 ; *Keck v. Oklahoma Tax Comm'n*, 1940 OK 352, ¶——, 108 P.2d 162. The subject matter and purpose of a statute are material to ascertaining the meaning of a word or phrase used and that language should be construed to be harmonious with the purpose of the act, rather than in a way which would defeat it. *McNeill v. City of Tulsa, supra; Simpson v. Oklahoma Alcoholic Beverage Control Bd.* 1965 OK 206, ¶ 18, 409 P.2d 364.

**31.** Title 47 O.S.1991 § 12–420, see note 2, supra.

**32.** Title 47 O.S.1991 § 12–420, see note 2, supra.