2003 OK 19

**Stephanie CLARK, Plaintiff,**

v.

**MAZDA MOTOR CORPORATION, a/k/a Mazda Motors Corporation, f/k/a Toyo Kogyo, Ltd., Defendants.**

**No. 97,514.**

Supreme Court of Oklahoma.

March 4, 2003.

Thomas A. Wallace, Charles F. Moser, John B. Norman, John W. Norman, Bradley E. Norman, Norman, Edem, Meyer, Wallace, Norman, Cox & Moser, PLLC, Oklahoma City, OK, for plaintiff, Stephanie Clark.

Bert M. Jones and Daniel D. Draper III, Rhodes Hieronymus Jones Tucker & Gable, Tulsa, OK, for defendants Mazda Motor Corp., a/k/a Mazda Motors Corporation, f/k/a Toyo Kogyo, Ltd., and Mazda Motor of America, Inc.

Rex K. Travis, Oklahoma City, OK, Charles W. Adams, The University of Tulsa College of Law, Tulsa, OK, for amicus curiae Oklahoma Trial Lawyers Association.

Hugh F. Young, Jr., Product Liability Advisory Council, Inc., Reston, VA, P. Michael Jung, James K. Peden, III, Strasburger & Price, L.L.P., Dallas, Texas, Robert H. Alexander, Jr., John J. Love, The Law Office of Robert H. Alexander, Jr. P.C., Oklahoma City, OK, for amicus curiae Product Liability Advisory Council, Inc.

WINCHESTER, J.

¶1 The instant matter involves a question certified by the United States District Court for the Western District of Oklahoma in a manufacturers' products liability case. We are asked to answer the question of whether

47 O.S.2001, § 12–420[1] of the Oklahoma Mandatory Seat Belt Act, 47 O.S.2001, § 12–416 *et seq.*, as interpreted in *Bishop v. Takata Corp.*, 2000 OK 71, 12 P.3d 459, bars the admission of evidence of seat belt use or non-use, in a manufacturer's products liability crashworthiness case[2]. The question is answered as follows: Section 12–420 does not bar the admission of evidence of the use or non-use of seat belts in a manufacturer's products liability crashworthiness case, although it prohibits introduction of such evidence to impute negligence or fault to a person who elects not to wear a seat belt.

¶2 We held § 12–420 of Oklahoma's Mandatory Seat Belt Use Act did not preclude admission of evidence pertaining to seat belt use or nonuse in a manufacturers' products liability action for a defective seat belt restraint system in *Bishop v. Takata Corp.*, 2000 OK 71, 12 P.3d 459. The *Bishop* matter came to us as a certified question from the United States District Court for the Western District of Oklahoma, Honorable Lee R. West. We discussed the implications of the Mandatory Seat Belt Act and concluded it protects persons in civil proceedings from connotations of fault but does not preclude admission of evidence pertaining to an automobile's design. *Bishop*, 2000 OK 71, ¶¶ 21–22, 12 P.3d 459, 466. In *Bishop*, the issue concerned the condition of the seat belt, as opposed to the conduct of the seat belt user. *Bishop*, 2000 OK 71, ¶ 12, 12 P.3d 459, 463. The plaintiff therein sought to introduce evidence of a defective seat belt that allegedly disengaged and caused her to be thrown from the vehicle. In the instant case, it is the defendant manufacturer who seeks to introduce seat belt evidence. Once again, as in *Bishop*, it is the design, construction and condition of the seat's occupant restraint system that is at issue herein, and not the conduct of the vehicle occupant who either used or elected not to use the seat belt.[3]

*Facts*

¶3 The facts reported by the United States District Court are as follows. This case arises from a multi-vehicle accident in which the 1989 Mazda 626 driven by plaintiff, Stephanie Clark, (hereinafter "Clark,") crossed the center median of the H.E. Bailey Turnpike and was involved in four different collisions. In the first two, Clark's Mazda collided with a southbound pickup and the pickup's stock trailer. The third and fourth collisions occurred when Clark's Mazda was struck twice by a southbound tractor-trailer. The fourth collision ejected Clark out the back window of the Mazda, and amputated her lower left arm. Clark's impact with the pavement paralyzed her.

¶4 The facts reported to the Court establish that the safety restraint system in Clark's Mazda included a shoulder belt that engaged automatically when the driver closed the door. This shoulder belt was across Clark's torso at the time of the collisions. Clark was not wearing the manual lap belt.

¶5 An initial review of the elements essential to a successful manufacturers' products liability claim is necessary as we begin our analysis of the legal issue presented by this federal certified question. We set forth the legal blueprint for a manufacturers' products liability claim in *Kirkland v. General Motors Corp.*, 1974 OK 52, 521 P.2d 1353. In *Kirkland*, we articulated three elements a plaintiff must prove and determined that upon plaintiff's proof of these elements, a manufac-

1. 47 O.S.2001, § 12–420 provides:
   "Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma."

2. The instant matter involves crashworthiness issues that arise in cases of second impact. We addressed the distinction between injuries received in the "first collision or impact" and those received in a "second collision or impact," in *Lee v. Volkswagen of America, Inc.*, 1984 OK 48, ¶ 11, 688 P.2d 1283, 1286. *Lee* involved "second impact injuries" that arose in an automobile acci-

dent wherein the driver and passenger in a Volkswagen "Beetle" were ejected and suffered injuries as a result. Plaintiff's manufacturers' products liability theory in *Lee* was that a defective door latch allowed the door to open, thus causing him to be ejected and injured.

3. We note that Clark already has incorporated a component of the seat belt into her theory of the case, by her reliance on the shoulder belt alone, as the restraint system that allegedly failed to preclude her ejection.

turer incurs strict liability. These three elements, as they pertain to a product manufacturer such as Mazda, are as follows:

1) the product was the cause of the injury;

2) the defect existed in the product at the time the product left the manufacturer's possession and control;

3) the defect made the product unreasonably dangerous[4] to the plaintiff or to the plaintiff's property.

*Kirkland,* 1974 OK 52, ¶¶ 29–31, 521 P.2d 1353 at 1363.

¶ 6 Clark brings the instant manufacturers' products liability action alleging a defective seatback and/or seat design, a theory that calls into question the design of the seat's occupant restraint system in the Mazda 626 automobile. Defendants, (hereinafter referred to collectively as "Mazda,") assert it was Clark's failure to wear her lap belt, (a component of the Mazda 626 seat's occupant restraint system) that caused her body to be moved within the vehicle in such a way that the force of the final collision collapsed the driver's seat and ejected her from the car. Mazda seeks to offer evidence that Clark would not have been ejected had she worn the lap belt, to prove the seat back and/or seat design are not defective.

¶ 7 The lap belt, the shoulder belt, the driver's seat and seat back cumulatively comprise the seat's occupant restraint system in the Mazda 626. If we hold that Mazda may present evidence the lap belt was designed to keep occupants from being ejected and that this feature was not utilized by Clark, the holding is harmonious with our decision in *Bishop* to allow the plaintiff therein to introduce seat belt evidence pertaining to automobile design, as opposed to any negligence or fault of the plaintiff, the latter of which is prohibited by § 12–420.

¶ 8 We are confident that our limitation of evidence regarding seat belt use to those products liability actions in which the vehicle seat's occupant restraint system is at issue adequately safeguards against Clark's concern that auto manufacturers will claim seat belts are "safety components" in all manufacturers' products liability cases. The shoulder belt, lap belt, driver's seat and seat back are either physically connected to each other or are so closely aligned in the Mazda 626 as to be a part of the seat's occupant restraint system.

¶ 9 Clark contends the statute requires only that she wear the shoulder belt. While no legal authority is cited for her conclusion, we note that Clark's compliance with the seat belt statute is not at issue herein. Clark apparently contends she complied with the statute in an effort to demonstrate a defect in Mazda seat's occupant restraint system, reasoning that the shoulder belt alone should have restrained her from being ejected, and since it failed to do so, the driver's seat and/or seat back are defective in design. However, she cannot selectively eliminate evidence pertaining to certain components of the seat's occupant restraint system such as the lap belt, while offering evidence as to other elements such as the shoulder belt, driver's seat and seat bracket. Such an attempt misconstrues our holding in *Bishop* and ignores the statutory intent pertaining to § 12–420 we articulated therein.

¶ 10 The question is answered as follows: 47 O.S.2001, § 12–420, as interpreted in *Bishop v. Takata Corp.,* 2000 OK 71, 12 P.3d 459, does not bar the admission of evidence of the use or non-use of seat belts in a manufacturer's products liability crashworthiness case.

### QUESTION ANSWERED.

OPALA, V.C.J., HODGES, HARGRAVE, SUMMERS and WINCHESTER, JJ., Concur.

WATT, C.J. (joins KAUGER, J.), LAVENDER (joins KAUGER, J.), KAUGER and BOUDREAU (joins KAUGER, J.) JJ., Concur in Result.

---

**4.** In *Kirkland,* we adopted the definition of "unreasonably dangerous" contained in § 402A comment g of the Restatement of Torts, Second Series, to-wit:

"The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics."

*Kirkland,* 1974 OK 52, ¶ 26, 521 P.2d 1353, 1362,–1363.

OPALA, V.C.J., with whom SUMMERS, J., joins in part, concurring.

¶1 I concur in today's opinion and write separately to provide an additional analysis of the question to be answered.

¶2 The manufacturer sued for imposition of products liability *must* be afforded full opportunity to show that (a) the seat's occupant restraint system was free of the attributed harm-dealing defect *and/or* (b) the plaintiff's injury is *unrelated* to the manufacturer's alleged breach of duty. In discharging the onus of showing a liability-defeating defense, *it may likely prove critical* also to demonstrate that, at the time in question, *the provided restraint mechanism stood disengaged, in whole or in part.* Due process would indeed mean very little *if, in the described scenario, a legislatively erected § 12–420 bar*[1] were potent enough **to destroy** the manufacturer's *only means* of exoneration through its proof of an absent causal nexus between the plaintiff's harm and the allegedly defective product. Oklahoma's due process is co-extensive with that in the federal constitution. *Fair School Finance Council v. State,* 1987 OK 114, ¶54, 746 P.2d 1135, 1148 n. 48. Statutory barriers *to essential proof* of one's innocence (in a criminal case) or of one's complete exoneration (in a civil case) must yield to the Constitution's **superior gauge of fundamental fairness.** *See, e.g., Rock v. Arkansas,* 483 U.S. 44, 62, 107 S.Ct. 2704, 2714, 97 L.Ed.2d 37 (1987); *Green v. Georgia,* 442 U.S. 95, 97, 99 S.Ct. 2150, 2151-52, 60 L.Ed.2d 738 (1979); *Davis v. Alaska,* 415 U.S. 308, 319-20, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974); *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973); *Washington v. State of Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). Similar law-imposed obstacles to those encountered here in § 12-420, which unreasonably impede full disclosure of the truth, are an anathema to due process. *In Re Adoption Of C.D.M.,* 2001 OK 103, ¶1, 39 P.3d 802, 813 n. 5 (Opala, J., dissenting); *Three M Investments, Inc. v. Ahrend Co.,* 1992 OK 33, ¶9, 827 P.2d 1324, 1335 n. 34 (Opala, C.J., concurring in part and dissenting in part).

¶3 It is far from clear why the question we answer today was certified to this court, unless, of course, counsel succeeded in persuading the federal trial judge *that in products litigation the provisions of § 12–420 may be regarded as Oklahoma's substantive law.*[2] Several extant federal decisions appear to have so concluded with respect to similar enactments from other states.[3] Oklahoma's own precedent militates strongly in favor of an opposite view.[4] If there was ever any doubt about the character of the § 12–420 bar in its application to products cases, it should now appear more clearly resolved than ever before. **Today's opinion plainly declares the bar to apply solely to negligence cases. It does not govern products liability litigation.** Our conclusion should firmly *free the certifying court* of any concern about the bar's application to the trial of this case. Once the § 12–420 bar is swept away, admissibility of an occupant's use or non-use of restraints will, in this case, be **controlled solely by the federal evidence law's standards of relevance** and, in state-court cases, by the standards of relevance under the Oklahoma Evidence Code.[5] They should give ample comfort to the plaintiff and no small amount of protection to the defendant who, much unlike in negligence cases,

---

**1.** The provisions of the evidentiary bar in question, found in 47 O.S.2001 § 12–420, are:

Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma.

**2.** In the trial of a diversity case U.S. courts are governed solely by federal procedural law. *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 426–27, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996); *Bankers Trust Co. v. Lee Keeling & Associates, Inc.,* 20 F.3d 1092, 1099 (10th Cir. 1994).

**3.** *Gardner By and Through Gardner v. Chrysler Corp.,* 89 F.3d 729, 736 (10th Cir.1996); *Barron v. Ford Motor Co. of Canada Ltd.,* 965 F.2d 195, 199–200 (7th Cir.1992); *Dillinger v. Caterpillar, Inc.,* 959 F.2d 430 (3rd Cir.1992); *Milbrand v. Daimlerchrysler Corp.,* 105 F.Supp.2d 601, 604–05 (E.D.Tex.2000).

**4.** *Bishop v. Takata Corp.,* 2000 OK 71, 12 P.3d 459, 466.

**5.** 12 O.S.2001 § 2101 *et seq.*

must wage a forensic battle (for its product's reasonable safety) without the benefit of the comparative fault's liability-reducing defense.[6] *Only then will evenhanded fairness, our legal tradition's age-old prophesy, once again carry the day for the claim we make to uncompromising excellence in our adversarial process of adjudication.*

¶4 *In short, for products liability litigation § 12–420 is not entitled to a substantive-legal-norm status.*[7] This is so because for that class of actions the text of § 12–420, as construed by this court's jurisprudence, *leaves entirely unaffected the merits of plaintiffs' claims* (and of the defendants' defenses against them).[8]

¶5 For negligence cases, on the other hand, the § 12–420's effect is quite different. *There the merits are indeed affected by the impact of the section here in contest, which makes the use (or non-use) of seat belts unavailable both as proof of one's due care as well as of its want.*[9] In negligence cases, both parties are affected alike by the § 12–420 evidentiary bar. Neither is able to take

advantage of the statute that requires seat belts to be fastened. The party plaintiff stands barred from showing **compliance** (by its use of restraints) and the defendant from demonstrating the plaintiff's **nonobservance**. On the other hand, in the products liability litigation class, the § 12–420 bar, were it to become applicable, would inure **solely** to the plaintiff's advantage. There it would most surely exclude a party defendant's tendered proof of an absent causal nexus between its own breach of duty and the plaintiff's harm.

KAUGER, J., with whom WATT, C.J., LAVENDER and BOUDREAU, JJ. join, concurring in result:

¶1 The majority responds to the certified question. Nevertheless, the answer provided is so broad as to provide confusion rather than clarity. Read in isolation, the answer is so encompassing as to swallow the rule of 47 O.S.2001 § 12–420[1] that generally the use or nonuse of seat belts is not proper evidentiary material for submission in a civil suit in Oklahoma.[2] Neither the practicing bar nor the bench should read the majority to con-

---

**6.** *Kirkland v. General Motors Corp.,* 1974 OK 52, ¶47, 521 P.2d 1353, 1367.

**7.** *See Bishop, supra* note 4, at 466, where we held that products liability litigation stands excluded from the purview of § 12–420, explaining that "[a]t issue in a defective seat products liability case is the condition of the seat belt, and not the conduct of the seat belt user."

**8.** An enactment that *does not change the merits of any claim* (or of any defenses available against it) but addresses itself solely to matters of evidence, practice or procedure does not add any contents to the corpus of a state's substantive law. *Flick v. Crouch,* 1967 OK 131, 434 P.2d 256, 261. For definition of an "issue on the merits," see *Shamblin v. Beasley,* 1998 OK 88, 967 P.2d 1200, 1207.

**9.** In short, in negligence litigation, the use or non-use of restraints is *removed from the merits of the case* both as an element of the claim and of any available defense against it. *See Shamblin, supra* note 7 at 1207.

**1.** Title 47 O.S.2001 § 12–420 provides: "Nothing in this act shall be used in any civil proceeding in this state and the use or nonuse of seat belts shall not be submitted into evidence in any civil suit in Oklahoma."

**2.** The concurring opinion goes well beyond the question certified. The "additional analysis" is utilized to broaden the range of cases in which

seat belt evidence may be admitted. The author of the concurring opinion would allow evidence of the use or nonuse of seat belts in all manufacturer's products liability causes whether or not the seat's restraint system was called into question by the plaintiff. I am unconvinced that 47 O.S.2001 § 12–420, see note 1, supra, today's opinion or any of this Court's jurisprudence requires such a broad and all encompassing result. Certainly, there is nothing in the language of the statute that would require it be applied to negligence only cases as the concurrence indicates.

The concurrence cites *Bishop v. Takata Corp.,* see note 3, infra, for the proposition that its language indicates that 47 O.S.2001, § 12–240, see note 1, supra, is not a part of Oklahoma's "substantive" law. The opinion does not address this issue. It's holding is clearly stated in ¶2 providing in pertinent part:

"... The question is answered as follows: although the Act prevents a person from being penalized in a civil proceeding for choosing not to wear a seat belt, it does not prohibit the introduction of evidence of the use or nonuse of seat belts in a manufacturers' liability action for a defective seat belt restraint system."

It does not, as the author of the concurring opinion leads the reader to believe, contain any language indicating the seat belt statute will be inapplicable in all manufacturers' products liability cases.

done the admission of evidence of the use or non-use of seat belts in all manufacturer's products liability crashworthiness cases.

¶2 Although the body of the opinion narrows the broad answer contained in the action clause, in the opinion's opening paragraph and in the conclusion of the majority opinion, to conform the answer to the question certified with the applicable law stated in the opinion, the question should be answered as follows:

> "Title 47 O.S.2001 § 12–420 prohibits the introduction of the use or non-use of seat belts to impute negligence or fault to a person electing not to wear a seat belt. Nevertheless, if the driver brings a manufacturer's products liability cause which implicates **the seat's entire occupant restraint system,** the introduction of use or non-use is controlled by our pronouncement in *Bishop v. Takata Corp.,*[3] 2002 [2000] OK 74, 12 P.3d 45 [459]. However, before evidence of the use or non-use of a seat belt may be introduced, the manufacturer must demonstrate that the crashworthiness of the device claimed to be defective by the plaintiff is so integrated with the **seat's entire occupant restraint system** as to require consideration of the allegedly defective device and the **seat's entire occupant restraint system** as one unit."

SUMMERS, J. concurring.

¶1 Although I concur generally in the opinion, I also agree with the separate concurring opinion insofar as it would impose a due-process requirement to allow a defendant manufacturer to defend the safety, or crashworthiness, of its product by showing any relevant facts bearing upon the causation of the injury alleged to have been caused by the defendant's having provided an unsafe product.

---

**3.** In *Bishop v. Takata Corp.,* 2000 OK 71, 12 P.3d 459, we were asked to answer the certified question: whether 47 O.S.2001 § 12–420 prohibited the admissibility of evidence of the "use or nonuse of a seat belt ... in any civil suit in Oklahoma" for a manufacturers' products liability claim based on a defective seat belt restraint system. We answered and determined that the statute prevented a person from being penalized in a civil proceeding for choosing not to wear a seat belt. However, it did not prohibit the introduction of evidence of the use or nonuse of seat belts in manufacturers' liability actions for a defective seat belt restraint system.